IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| APRIL C. SHIVER, *et. al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 3:11-CV-917-WKW |
| | ) [WO] |
| | ) |
| HOLLY LYN TRUDEL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants timely removed this action from the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), asserting that complete diversity and the jurisdictional amount are satisfied.[1]  Before the court is Plaintiffs' motion to remand (Doc. # 9), which has been fully briefed (Docs. # 12, 14). Based upon counsels' arguments, the relevant law, and the record as a whole, Plaintiffs' motion is due to be granted.

### I.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  At the

---

[1] Section 1441(b) recently was amended and became effective on January 6, 2012.  *See* Federal Courts Jurisdiction & Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758.  Because this action was commenced prior to the Act's effective date, the Act does not apply to this action.  *See id.*

same time, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Hence, in actions removed from state court to federal court, federal courts strictly construe removal statutes, resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the defendant. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Section 1332(a)(1) confers jurisdiction on the federal courts when the dispute is between "citizens of different States," and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.*

Where the complaint alleges unspecified damages, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010). In some cases, the preponderance burden "requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka*, 608 F.3d at 744). "In other cases, however, it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does

2

not claim a specific amount of damages.'" *Id.* (quoting *Pretka*, 608 F.3d at 754). In either case, the amount in controversy must be measured as of the time of removal, not by events occurring afterward. *See Pretka*, 608 F.3d at 751.

## II. BACKGROUND

The allegations in the Complaint are sparse on details, but are sufficient to reveal the following. On May 13, 2011, Defendant Holly Lyn Trudel was operating a motor vehicle within the line and scope of her employment for Defendant J. B. Hunt Transport, Inc. It can be inferred that a collision occurred between Ms. Trudel's and Plaintiffs' vehicles, as Plaintiffs allege that Ms. Trudel negligently and wantonly caused severe bodily injuries to the five Plaintiffs.[2] Plaintiffs are April C. Shiver, Carrie Ellison, Carrie Shiver, and two minor children.

Plaintiffs bring claims for negligence and wantonness against Defendants, seeking unspecified compensatory and punitive damages for their injuries. One Plaintiff suffered injuries to his arm, clavicle, hand, and ear; three Plaintiffs injured their backs; and the fifth Plaintiff sustained injuries to her nose, hand, and jaw. Plaintiffs seek compensatory damages for medical treatment, pain and suffering, mental anguish, permanent injury, and permanent disfigurement, and punitive

---

[2] Although not alleged in the Complaint, Plaintiffs indicate in their motion to remand that Ms. Trudel was driving a tractor trailer owned by Defendant J.B. Hunt Transport and collided with Plaintiffs' automobile.

3

damages on the wantonness claims. Plaintiffs further allege that the "amount in controversy exceeds $50,000" (Compl. 2), and the *ad damnum* clause seeks damages "in an amount deemed appropriate under the circumstances" (Compl. 18). Defendants removed this action within thirty days of receiving Plaintiffs' initial pleading, asserting that this action satisfies the requirements of diversity jurisdiction pursuant to § 1332.

### III. DISCUSSION

There is no dispute that Plaintiffs and Defendants are of diverse citizenship. The only issue is whether § 1332(a)'s amount in controversy was present at the time of removal. Defendants argue that the allegations of the Complaint sustain their burden of proving by a preponderance of the evidence that the amount in controversy as to at least one Plaintiff exceeds $75,000.[3] Defendants initially point out that the Complaint establishes by admission that at least $50,000 is in controversy. They contend that this admission, coupled with the allegations of severe bodily injury,

---

[3] The parties agree that the Complaint contains indeterminate damages and, thus, that the preponderance of evidence standard governs Defendants' removal burden. *See Fed. Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (A prayer for damages is indeterminate when it "'does not allege a specific amount of damages.'"); *see also Barnes v. JetBlue Airways Corp.*, No. 07-60441, 2007 WL 1362504, at *1 & n.1 (S.D. Fla. May 7, 2007) (finding that damages were unspecified where the removed complaint alleged damages in excess of $15,000, but less than $75,000).

which include alleged permanent injuries and disfigurement and wanton conduct, clearly demonstrate that the amount in controversy exceeds $75,000.

Plaintiffs counter that the Complaint alleges a minimum amount in controversy of $50,000 to invoke the appellate jurisdiction of the Alabama Supreme Court, *see* Ala. Code § 12-3-10, and is insufficient to establish that more than $75,000 is at issue. Plaintiffs further contend that no discovery has been conducted, and no evidence has been introduced as to the severity of the alleged injuries or the value of the punitive damages claim. They contend that absent any evidence and on the Complaint alone, Defendants' assertion that the amount in controversy exceeds $75,000 is "purely speculative." (Doc. # 14, at 4.)

In this action timely removed based upon the initial pleading, *Pretka* permits consideration of evidence outside the removal petition, *see* 608 F. 3d at 754–55; however, there is no evidence. Defendants choose instead to rely solely on the Complaint, but the determination of whether the amount in controversy is apparent from the face of the Complaint presents a quandary:

> [I]n situations like the present one – where damages are unspecified and only the bare pleadings are available – we are at a loss as to how to apply the preponderance burden meaningfully. We have no evidence before us by which to make any informed assessment of the amount in controversy. All we have are the representations relating to jurisdiction in the notice of removal and the allegations of the . . . complaint. As such [sic], any attempt to engage in a preponderance of the evidence

5

assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon.

*Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1210–11 (11th Cir. 2007).

This quandary is a familiar one. Last year, in another case before this court, the removing defendant relied on the pleadings as its sole proof of the amount in controversy. *See Justice v. Jeff Lindsey Cmtys., Inc.*, No. 3:10cv888-WKW, 2011 WL 744773 (M.D. Ala. Feb. 25, 2011). In *Justice*, a slip-and-fall case predicated on negligence and wantonness claims, the issue was whether the complaint, which sought recovery for severe head injuries, sustained the removing defendant's burden to prove § 1332(a)'s amount in controversy where damages were unspecified. *See id.* Notwithstanding that punitive damages were sought and wanton conduct was alleged, the court found that the allegations alone failed to prove that more than $75,000 was at stake because the allegations did not reveal "[t]he nature, severity, and degree of permanence of [the p]laintiff's head injuries." *Id.* at *3. Other district courts have reached the same conclusion when presented only with a barebones complaint on removal. *See Channell v. Nutrition Distrib., LLC*, No. 08cv794, 2008 WL 5114314, at *1 (M.D. Ala. Dec. 4, 2008) (claims for punitive damages and damages for permanent injuries did not permit the court to assume that the $75,000 amount in controversy was satisfied, without sufficient allegations or evidence by which to appraise the value of the claims); *Jackson v. Am. Gen. Fin. Servs., Inc.*, No. 7:06cv19,

6

2006 WL 997614, at *3 (M.D. Ga. Apr. 17, 2006) (finding that the amount in controversy was not satisfied where the defendant relied solely on the demand for punitive damages and provided no evidence to show that the amount of punitive damages would exceed the jurisdictional requirement).

It may be that the Complaint places a minimum of $50,000 at stake, but there are insufficient allegations from which to conclude that the amount in controversy exceeds $75,000. The Complaint provides no reliable indication of the specific amount of compensatory or punitive damages sought by Plaintiffs. The allegations of permanent injury and permanent disfigurement are boilerplate, and there is no factual detail from which the nature, severity and degree of permanence of the alleged injuries can be quantified. There also are no facts describing how Defendants acted wantonly. Overall, the Complaint rests largely on legal conclusions and does not provide a factual basis upon to ascertain whether the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. To extrapolate a specific amount of damages from the Complaint would require speculation. Hence, the Complaint does not establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

Defendants contend, however, that common sense dictates that the amount in controversy exceeds $75,000 where there are allegations of serious injuries resulting

from allegedly wanton conduct and punitive damages are at issue. It is true that "judicial experience and common sense" need not be cast aside in assessing the amount-in-controversy requirements, *Roe*, 613 F.3d at 1064, and that a request for punitive damages must factor into the analysis of the amount in controversy. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). However, the amount in controversy cannot be measured in a factual vacuum, as discussed, or absent a factual predicate that Plaintiffs are "likely to be awarded substantial punitive damages." *SUA Ins. Co. v. Classis Home Builders, LLC*, 751 F. Supp. 2d 1245, 1255 (S.D. Ala. 2010); *accord Butler v. Charter Comm., Inc.*, 755 F. Supp. 2d 1192, 1195 (M.D. Ala. 2010). Because the Complaint is inconclusive on damages, the absence of evidence pertaining to the value of the punitive damages claim precludes Defendants from satisfying their removal burden.[4]

---

[4] Defendants also cite other allegedly similar cases where jury verdicts yielded more than $75,000. However, given only a Complaint that is devoid of any factual particulars, the court "cannot possibly ascertain how similar the current action is to those the defendants cite." *Lowery*, 483 F.3d at 1221.

8

## IV.  CONCLUSION

For the forgoing reasons, Defendants have not established § 1332(a)'s amount in controversy by a preponderance of the evidence.  Accordingly, it is ORDERED that Plaintiffs' Motion to Remand (Doc. # 9) is GRANTED, and that this action is REMANDED to the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C. § 1447(c).  The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 19th day of April, 2012.

       /s/ W. Keith Watkins
    CHIEF UNITED STATES DISTRICT JUDGE